IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM D. PAUL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CASE NO. 2:06-mc-3292-WKW<br>(WO) |

**ORDER**

On March 28, 2006, petitioner filed the present action seeking to quash summons issued by Special Agent Larry J. Ellis of the Criminal Investigation Division of the Internal Revenue Service seeking records pertaining to plaintiff and served on various financial institutions and an accounting office. Petitioner contends that the summons are due to be quashed because he is a bishop in a religious organization and has taken a vow of poverty and, thus, he is exempt from federal income taxation. This action is presently before the court on the motion to dismiss filed by the United States on April 27, 2006 (Doc. # 4) and petitioner's response to the motion (Doc. # 6). Upon consideration of the motion to dismiss, the court concludes that it is due to be granted.

The United States argues that this court lacks personal jurisdiction over it because petitioner failed to serve process in this action in the manner set forth in Fed. R. Civ. P. 4(i). That rule provides:

**(1)** Service upon the United States shall be effected

> **(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> **(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i).

The court's docket does not reflect that petitioner has effected service in the manner set forth in Rule 4(i). In its motion, the United States cites Rule 4(i) and notes that no summons has been served on the United States Attorney or on the Attorney General of the United States, as required by the rule. Because Fed. R. Civ. P. 4(m) allows 120 days to effect service, the court has deferred ruling on the present motion to allow petitioner an opportunity to cure the defects in service outlined in the motion. Petitioner responds only that "[t]he petition was served upon the appropriate parties, including the United States (Agent Larry J. Ellis, IRS-CI 1285 Carmichael Way, Montgomery, Alabama) as required by Federal Rule of Civil Procedure 4., by depositing a copy of the same in the U.S. Mail, postage prepaid, on the 28th day of March, 2006." (Doc. # 6).

Service on Agent Ellis by first class mail is insufficient to confer jurisdiction on the

United States. "'Failure to properly serve the United States deprives the court of personal jurisdiction. . . . A jurisdictional defect of this sort is fatal to maintenance of an action.'" Holmstrom v. United States, 2003 WL 21254624, *2 (M.D. Fla. Apr. 4, 2003) (quoting Thompson v. Internal Revenue Service, 23 F. Supp.2d 923, 924 (N.D. Ind. 1998)).

Additionally, petitioner has not shown good cause for extension of the 120-day period of time for service under Rule 4(m). The United States brought the defect in service to petitioner's attention in its motion to dismiss, three months prior to the expiration of the 120-day period, and petitioner failed to take the appropriate corrective action. See Flory v. United States, 79 F.3d 24 (5th Cir. 1996) (affirming district court's dismissal of action against the United States because of plaintiff's failure to serve the Attorney General, and stating, "[b]y raising the defense of defective service well within the expiration of the 120-day period allowed for service (the answer was served on the 94th day after Flory's complaint was filed), the United States allowed plaintiff Flory time to cure the defect, which she did not do.").[1]

Because petitioner has not produced evidence that he has properly served the required parties, this action is due to be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over the respondent.[2] Accordingly, it is hereby

---

[1] Rule 4(i)(3) is inapplicable, as this is not an action against Agent Ellis in his individual capacity and plaintiff has served neither the Attorney General nor the United States attorney.

[2] Petitioner has filed, in this action, a motion to quash summons served by Agent Ellis on July 13, 2006. (Doc. # 7). This motion has been served by first class mail to Special Agent Ellis and R. Randolph Neeley, the Assistant United States Attorney defending the present action. (Id., p. 4).

ORDERED that respondent's motion to dismiss (Doc. # 4) is GRANTED.

A separate judgment will be entered.

DONE this 25th day of August, 2006.

                                            /s/   W.  Keith Watkins
                                     UNITED STATES DISTRICT JUDGE

---

The filing of a second motion in the present case does not affect the court's analysis.